UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LARRY JOHNSON,

        Plaintiff,

    v.

LISA SIMONSON; KELLY PAINE; ALL PERSONS UNIDENTIFIED AND/OR UNKNOWN; DOES 2 THROUGH 10,

        Defendants.

Case No. 3:23-cv-01561-YY

ORDER

This order resolves outstanding motions related to discovery and scheduling.

**I.      Motion For Hearing and Extension of Discovery (ECF 61)**

Plaintiff has filed a Motion for Discovery Conference and Extension, ECF 61, in which he seeks a hearing with the court to discuss extending the discovery deadline. In his reply to the motion, he explains that he is disabled, elderly, and in poor health, and defendants have failed to respond to his multiple requests for admissions and production. Reply, ECF 68.

District courts have broad discretion to manage discovery and control the course of litigation. *Bala v. Oregon Health & Sci. Univ.*, No. 3:18-CV-00850-HZ, 2023 WL 3561449, at *1 (D. Or. May 14, 2023) (citing *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012)). Under Federal Rule of Civil Procedure 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent." Good cause is primarily concerned with the "diligence of

1 – ORDER

the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Castle v. St. Charles Med. Sys., Inc.*, No. 6:23-CV-01217-AA, 2025 WL 641452, at *1 (D. Or. Feb. 27, 2025) (examining a request to extend discovery and citing the "good cause standard" in *Johnson*). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Local Rule 16-3(a) further requires that motions to extend court-imposed deadlines must show good cause why the deadlines should be modified, show effective prior use of time, recommend a new date for the deadline in question, and show the impact of the proposed extension on other existing deadlines, settings, or schedules.

Plaintiff filed this case on October 25, 2023, defendant appeared on December 1, 2023, and the initial discovery deadline was set for February 23, 2024. The discovery deadline was thereafter extended multiple times to allow for plaintiff's amended pleadings and to accommodate plaintiff's request for a stay due to his medical condition. ECF 16, 34, 52. The court most recently extended the discovery cutoff date to November 4, 2024. ECF 52. In sum, plaintiff has had almost one year to conduct discovery.

Although plaintiff has been afforded ample time to pursue discovery, it appears he has not used that time diligently. In March 2024, defendant provided plaintiff with his 2,697-page tenant file and served initial disclosures on plaintiff by the initial disclosure deadline. Beyer Decl. ¶ 2, ECF 63. Plaintiff, however, *never* served his initial disclosures on defendant and has produced no documents. *Id.* In August 2024, plaintiff sent defendant "several email requests purporting to be requests for admission," but they did not comply with the federal rules of civil procedure. In an attempt to obtain some clarity regarding plaintiff's requests for admission, defendant asked the court to require plaintiff to file his requests for admission in writing with the

2 – ORDER

court, which the court ordered plaintiff to do at a hearing on September 17, 2024. ECF 55. Since then, plaintiff has sent multiple, voluminous emails of various nature to the court, often failing to copy opposing counsel, but he has not filed a single request for admission in the record.

While plaintiff contends that defendant has been unresponsive during discovery, Mot. Disc. Extension 1, ECF 61, the only specific instance of obstruction that plaintiff identifies is defendant's "5 pages of legal boiler plate and complete denials for my production requests," Reply 1, ECF 68. Those objections to plaintiff's production requests, however, were served on plaintiff in September 2024, well before the discovery deadline, and plaintiff never substantively responded. Beyer Decl. ¶ 4, ECF 63.

Because plaintiff has failed to demonstrate that he diligently pursued discovery, his motion to extend the discovery deadline is denied and discovery was closed as of November 4, 2024. Finally, plaintiff's request for a hearing on this motion is denied. It is within the court's discretion whether to hold a hearing on a motion. *See* LR 7-1(d) (indicating the court may "determine whether oral argument would help it to resolve the matter"). This court has held hearings on discovery matters in this case, and the parties' positions as outlined in their briefing are sufficient for the court to resolve plaintiff's request for extension without a hearing.

II.     **Motion to Strike Plaintiff's Untimely Requests for Admission (ECF 67)**

On November 26, 2024, after the November 4, 2024 discovery deadline elapsed, plaintiff sent the court two voluminous emails entitled requests for admissions, which contained 118 different requests. Defendant has filed a motion to strike these requests for admission as untimely. That motion is granted. First, the requests for admission were not submitted by the discovery cut-off date. Second, they were not filed in the docket as previously ordered by court order.

### III.	Motion for Extension (ECF 73)

On December 24, 2024, plaintiff filed a Motion for FRCP 6(b) Extension of Time (Stay of Proceedings for Health Reasons), in which he sought a 90-day stay of the proceedings. ECF 73. That motion is granted; in fact, due to the delay in issuing a decision on the motion, this case has effectively been stayed for the 90 days that plaintiff requested.

If plaintiff wishes to respond to defendant's outstanding Motion for Summary Judgment (ECF 69), he shall file his response by April 24, 2025. If plaintiff wishes to file a reply to his Motion for Partial Summary Judgment (ECF 51), he shall file his reply by that same date, April 24, 2025.

### IV.	Second Motion for Partial Summary Judgment (ECF 79)

On February 14, 2025, plaintiff filed a Second Motion for Partial Summary Judgment (ECF 79). That motion is stricken because it was filed well past the dispositive motion deadline of December 4, 2024, and plaintiff has not identified good cause why he did not comply with the scheduling order. The motion also includes a request that defendants submit declarations to the court documenting defense counsel's litigation contact with plaintiff. Plaintiff has not adequately shown why defendants should be required to do so and therefore that request is denied.

IT IS SO ORDERED.

DATED  March 19, 2025.

                                              /s/ Youlee Yim You
                                              Youlee Yim You
                                              United States Magistrate Judge